UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN W. BOYD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 14-00889 (RJL) |
| | ) | |
| KILPATRICK TOWNSEND | ) | |
| & STOCKTON, LLP *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**
FEB 0 5 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

<u>MEMORANDUM ORDER</u>
(February 4, 2015) [Dkt. ##7, 11, 13]

Before the Court are three motions. The first two motions, filed by defendants Dennis Gingold ("defendant Gingold") and Kilpatrick, Townsend & Stockton LLP ("defendant Kilpatrick"), request dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and Rule 12(b)(1) for lack of standing. *See* [Dkts. #7, 11]. The third motion, filed by plaintiff John W. Boyd Jr. ("Boyd" or "plaintiff"), argues that the Court lacks subject matter jurisdiction and requests that this action be remanded to the D.C. Superior Court. *See* [Dkt. #13]. Having reviewed the pleadings, supporting documents, and relevant case law, the Court **GRANTS** plaintiff's motion for remand and **DENIES** defendants' motions to dismiss as moot.

## BACKGROUND

Plaintiff Boyd, president of the National Black Farmers Association, fought for more than two decades to remedy discrimination against minority farmers. *See* Compl. ¶¶ 1, 10 [Dkt. #1]. The facts of this particular case stem from his lobbying efforts on

1

behalf of Native American class members in their discrimination suit against the federal government, *Cobell v. Salazar*, Civil Action No. 1:96-cv-01285-TFH (D.D.C. Dec. 7, 2009) ("*Cobell*"). *See* Compl. ¶ 25. The class members in *Cobell* were represented by, among others, defendants Gingold and Kilpatrick. Compl. ¶¶ 12-14. In March 2010, plaintiff was asked by John Loving, a government relationship advisor at defendant Kilpatrick, to lobby in support of legislative funding for the *Cobell* settlement. Compl. ¶¶ 25-26. Plaintiff agreed and continued his lobbying efforts. *See* Compl. ¶ 31. Later that same month, the House of Representatives passed the Claims Resolution Act of 2010 ("CRA"), an appropriations bill that, if enacted, would provide settlement funds for *Cobell* class members. Compl. ¶ 30. In June 2010, plaintiff informed defendant Gingold "that he expected to be paid for his efforts to secure funding." Compl. ¶ 43. Defendant Gingold promised that "Mr. Boyd would be compensated," but did not specify "how much and when" plaintiff would be paid. Compl. ¶ 43. The CRA became law in December 2010. Compl. ¶ 4.

On May 6, 2014, plaintiff, a Virginia resident, filed suit against defendants in the D.C. Superior Court alleging unjust enrichment, breach of implied-in-fact contract, and *quantum meruit*. *See generally* Compl. On May 27, 2014, defendant Gingold, a Maryland resident, removed the action to this Court, claiming that defendant Kilpatrick, a Virginia resident, had been fraudulently joined to destroy diversity jurisdiction. *See generally* Notice of Removal [Dkt. #1]

## ANALYSIS

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside" the Court's jurisdiction unless otherwise established. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S 375, 377 (1994). It is a plaintiff's prerogative, as master of his case, to commence his action in state court. This right, however, is not inviolate, and a defendant may remove to federal court any action, including a diversity action, that might have originally been brought in federal court. 28 U.S.C. § 1441(a); *see Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 126-27 (D.D.C. 2013). Diversity jurisdiction exists when the amount in controversy exceeds $75,000 per plaintiff, exclusive of interest and costs, and the controversy arises between citizens of different states. 28 U.S.C. § 1332(a). If diversity jurisdiction is incomplete, the federal court must remand the action to state court. *See* 28 U.S.C. § 1447(c).

Here, it is undisputed that both plaintiff and defendant Kilpatrick are citizens of Virginia, and that diversity is, accordingly, incomplete.[1] The defendants argue, however, that removal on diversity grounds was proper because defendant Kilpatrick was fraudulently joined to defeat federal jurisdiction. *See generally* Notice of Removal. Joinder is fraudulent where either: (1) the plaintiff fraudulently pled jurisdictional facts to bring the defendant into state court or (2) there is no possibility that the plaintiff can

---

[1] Citizenship for limited liability partnerships like defendant Kilpatrick is based upon the citizenship of each of its partner members. *See C.T. Carden v. Arkoma Assoc.*, 494 U.S. 185, 189 (1990) (holding that limited partnerships do not follow the citizenship rules established for corporations); *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 178 (D.D.C. 2003) (partnerships carry the citizenship of each of their members). Because at least one of defendant Kilpatrick's partners resides in Virginia, defendant Kilpatrick, like Plaintiff Boyd, has Virginia citizenship.

3

establish a cause of action against the resident defendant. *In re Tobacco/Gvt'l Heath Care Costs Litig.*, 100 F. Supp. 2d 31, 39 (D.D.C. 2000). In cases alleging fraudulent joinder, a federal court may assume jurisdiction in the first instance to determine whether joinder was proper. *Hein Pham v. Bank of New York*, 856 F. Supp. 2d 804, 808 (E.D. Va. 2010) (citing cases).

Defendants claiming fraudulent joinder bear a "heavy" burden. *Walter E. Campbell Co. v. Hartford Fin. Servs. Grp. Inc.*, 959 F. Supp. 2d 166, 170 (D.D.C. 2013) (citation and internal quotation marks omitted). If the Court concludes, after construing all of the facts in a plaintiff's favor, that "there is *even a possibility* that a state court would find a cause of action stated against [the instate defendant] on the facts alleged by the plaintiff," diversity is incomplete and the case must be remanded. *Id.* (emphasis added) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981)). As such, the District Court's role in this context is a limited one. The Court must not delve "into the legal and factual thicket" of a merits analysis, but must instead confine its inquiry to whether, on the basis of the claims pled, the plaintiff has shown even a slight possibility of relief. *Brown v. Brown & Williamson Tobacco Corp.*, 26 F. Supp. 2d 74, 77 (D.D.C. 1998) (citation and internal quotation marks omitted). Unless a plaintiff's claims are "wholly nonsensical, remand is the appropriate course of action." *Id.* (quoting *Pulse One Comm'cns, Inc. v. Bell Atlantic Mobile Sys., Inc.*, 760 F. Supp. 82, 84 (D. Md. 1991)).

Defendants do not argue that plaintiff fraudulently pled jurisdictional facts. This Court therefore confines its inquiry to whether plaintiff has shown a possibility of relief

4

as to the claims pled.[2] To prove unjust enrichment under District of Columbia law, a plaintiff must show that he conferred a benefit that the defendant unjustly retained. *Peart v. District of Columbia Housing Auth.*, 972 A.2d 810, 813 (D.C. 2009). A person confers a benefit if he "performs services beneficial to or at the request of the other." *Bregman v. Perles*, 747 F.3d 873, 878 (D.C. Cir. 2014) (quoting Restatement (First) of Restitution § 1 (1937), cmt. b). Retention of the benefit is unjust when it flows from "a wrongful act giving rise to a duty of restitution." *News World Commc'ns, Inc. v. Thompsen*, 878 A.2d 1218, 1225 (D.C. 2005) (citation and internal quotation marks omitted). Plaintiff here alleges that, at defendant Kilpatrick's urging, he expended time, money, and resources to help the *Cobell* litigation team recoup attorneys' fees. *See* Compl. ¶¶ 26-28. Regardless of whether plaintiff's efforts were crucial to the CRA's enactment, his extensive lobbying efforts to "move the ball forward" on the CRA legislation conferred a tangible benefit on

---

[2] Defendant Kilpatrick argues that the doctrine of defensive collateral estoppel precludes plaintiff's action altogether. *See* Kilpatrick Opp'n at 11 [Dkt. #27]. Defendant Kilpatrick asserts that this Court's decision in a related case brought by plaintiff, *Boyd v. Farrin*, 958 F. Supp. 2d 232 (D.D.C. 2013) ("*Boyd I*") held that plaintiff "has no legally protected interest in settlement proceeds authorized by the CRA." Kilpatrick Opp'n at 11. This misstates the Court's holding in *Boyd I*. This Court ruled in *Boyd I* that plaintiff had no legally protected interest in either *plaintiff or attorneys' fees* obtained directly from the settlement, not that he lacked any rights to payment whatsoever. 958 F. Supp. 2d at 239. Defendant Kilpatrick's alternate theory, that defensive collateral estoppel bars plaintiff from asserting breach of contract and *quantum meruit* claims arising from different circumstances and involving entirely separate defendants, is similarly meritless. Although defensive collateral estoppel "allows defendants to prevent a plaintiff from asserting a claim that the plaintiff has previously litigated and lost against other defendant," *Mead v. Lindlaw*, 839 F. Supp. 2d 66, 72 (D.D.C. 2012) (citation and internal quotation marks omitted), it is equally true that "preclusion in the second case must not work a basic unfairness to the party bound by the first determination," *Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007) (citation and internal quotation marks omitted). To invoke the doctrine of defensive collateral estoppel in this case, where the outcome depends on the existence of nonexistence of an agreement unique to these parties, would be an extreme application of judicial economy indeed.

defendant Kilpatrick. *See Bregman*, 747 F.3d at 878 (finding unjust enrichment regardless of whether plaintiff's "labors got [defendants] across the goal line"). Plaintiff further alleges that, in light of the effort he expended at defendants' behest, *see* Compl. ¶¶ 27-28, defendant Kilpatrick's refusal to pay him is unjust, *see id.* ¶ 101. Plaintiff has therefore stated a cause of action under D.C. law that is not wholly unreasonable.[3] The Court's inquiry ends there. Plaintiff's likelihood of success is not "terrain upon which a court uncertain of its jurisdiction should tread" and is properly left to the judgment of the D.C. Superior Court on remand. *See Brown*, 26 F. Supp. 2d at 77.

Plaintiff has likewise shown a possibility of relief as to his alternate claims: breach of implied-in-fact contract and *quantum meruit*. Under District of Columbia law, an implied-in-fact contract is "a true contract, containing all necessary elements of a binding agreement" that "is inferred from the conduct of the parties in the milieu in which they dealt." *Steuart Inv. Co. v. Meyer Grp. Ltd.*, 61 A.3d 1227, 1233 (D.C. 2013) (quoting *Vereen v. Clayborne*, 623 A.2d 1190, 1192 (D.C. 1993)). Although the terms of the agreement need not be "fixed with complete and perfect certainty," they must reflect, at

---

[3] Nor are plaintiff's claims time barred. Unjust enrichment is governed by a three-year statute of limitations, which runs from the date plaintiff "has been made aware that the [defendant] is refusing to perform." *LoPiccolo v. Am. Univ.*, 840 F. Supp. 2d 71, 78 (D.D.C. 2012). Although defendant Kilpatrick claims that this clock has run because plaintiff was made aware in June 2010 that defendants were "refusing to perform," *see* Kilpatrick Opp'n at 19, this argument misconstrues plaintiff's complaint. Plaintiff states that in June 2010, he was told by defendant Gingold that he "would be compensated," but not "how much and when." *See* Compl. ¶ 43. Accepting this allegation as true, this Court finds that defendant Gingold did not repudiate any duty to compensate plaintiff at that point. Nor will this Court use a "last-rendition-of-service" test—which has not been formally adopted by the District of Columbia—to assess the timeliness of plaintiff's claims. *See Bregman*, 747 F.3d at 878 n.4 ("The District of Columbia Court of Appeals has not adopted the last rendition of services test.").

base, a quantum of mutual assent. *Rosenthal v. Nat'l Produce Co.*, 573 A.2d 365, 370 (D.C. 1990). To recover in *quantum meruit*, a plaintiff must show that: (1) valuable services were rendered; (2) for the person sought to be charged; (3) the services were accepted, used, and enjoyed by the person sought to be charged; (4) under circumstances that reasonably notified the person sought to be charged that the person rendering services expected to be paid. *New Economy Capital, LLC, v. New Markets Capital Grp.*, 881 A.2d 1087, 1095 (D.C. 2005) (quoting *Fred Ezra Co. v. Pedas*, 682 A.2d 173, 176 (D.C. 1996)).

Plaintiff has, as an initial matter, stated a cause of action for breach of implied-in-fact contract.[4] Defendant Kilpatrick asked plaintiff for assistance in procuring funding for the *Cobell* settlement, a task that plaintiff readily engaged in until the CRA's enactment in December 2010. *See* Compl. ¶¶ 26-28, 30, 39. Plaintiff's allegations, which this Court must accept as true, evidence a mutual understanding with defendant Kilpatrick that he would lobby Congress until the enactment of suitable appropriations legislation. Defendant Kilpatrick's failure to provide *quid pro quo* for his services constitutes breach of this agreement. Plaintiff has therefore stated a cause of action against defendant Kilpatrick that is neither unreasonable nor "wholly nonsensical." Whether the contours of this agreement are sufficiently definite for plaintiff to prevail is beyond the scope of this Court's inquiry.

---

[4] For the same reasons discussed in note 3, *supra*, plaintiff's breach of implied-in-fact contract and *quantum meruit* claims are not time barred.

The same is true of plaintiff's *quantum meruit* claim. Plaintiff rendered valuable lobbying services, the fruits of which defendant Kilpatrick "accepted and enjoyed." Moreover, by alleging that he informed defendant Gingold, who, routinely worked from defendant Kilpatrick's office during the pendency of the *Cobell* action, of his expectation for payment, plaintiff has pled "circumstances that reasonably notified" defendant Kilpatrick of his expectation. *See* Compl. ¶¶ 14, 43. Because plaintiff has advanced a cognizable claim, this Court ventures no further into the thickets of a merits analysis. It is the province of the D.C. Superior Court to determine whether plaintiff's allegations actually do have merit.

Based on the forgoing, the Court concludes that defendant Kilpatrick was not fraudulently joined and that the D.C. Superior Court is the proper forum for this action. Accordingly, it is hereby

**ORDERED** that plaintiff's Motion to Remand [#13] is **GRANTED** and it is further

**ORDERED** that defendants' Motions to Dismiss [#7, 11] are **DENIED** as moot.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge